6839 MRS/JMK/TSL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TERENCE TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 15 CV 5190 ) |
| WEXFORD HEALTH SOURCES, INC., et al., | ) Judge Sara L. Ellis ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT *FORUM NON CONVENIENS* MOTION TO TRANSFER VENUE OR, ALTERNATIVELY, RULE 21 MOTION TO SEVER PURSUANT TO *GEORGE V. SMITH***

Defendants, Wexford Health Sources, Inc., LaTanya Williams, P.A, Saleh Obaisi, M.D., Cynthia Garcia, R.N., Meghan Foley, Royce Brown-Reed, Tarry Williams, Jenny McGarvey, Tralon Durett, Michael Magana, Dominic M. Griffin, Doretta O'Brien, Victor Calloway, Michael Lemke, Randy Malkowski, Naveen Nagpal, Krisi Eschleman, Rebecca Buczowski, Mary Ellen Grennan, Kimberly Kelly, and Guy Pierce, by their undersigned counsel, submit the following memorandum of law in support of their motion to transfer venue or, alternatively, to sever pursuant to Federal Rule of Civil Procedure 21 and *George v. Smith*:

**BACKGROUND AND PROCEDURAL HISTORY**

In this suit, Plaintiff, an inmate incarcerated at Pontiac Correctional Center, has combined separate actions against prison staff based upon his disagreement with healthcare providers about how to treat alleged injuries sustained in a fight on June 25, 2013, at Stateville Correctional Center.

Plaintiff brought this action in June 2015 relating to an alleged failure to properly treat injuries sustained in a fight during a previous incarceration at Stateville Correctional Center.

(ECF No. 1). Plaintiff was incarcerated at Stateville Correctional Center on the date of the fight – June 25, 2013 – through April 5, 2014, when he was transferred to Pontiac. (Pl.'s 2d Amended Compl., ECF No. 94, at 15, ¶ 48).

On June 17, 2016, plaintiff expanded the litigation by filing a Second Amended Complaint, which adds several new defendants and new claims related to his ongoing incarceration at Pontiac Correctional Center. In connection with this amended complaint, Plaintiff has added the following individuals employed at Pontiac Correctional Center: Guy Pierce, Director of Nursing Meghan Foley, Nurse Krisi Eschleman, CMT Becky Buczkowski, Pontiac HCUA Mary Ellen Grennan, and Kim Kelley.

Plaintiff now asserts that he was subjected to unconstitutional conditions of confinement while at Pontiac Correctional Center by the newly named defendants.

Plaintiff's claims are predicated primarily on Plaintiff's current incarceration at Pontiac Correctional Center, but also include his previous stay at Stateville Correctional Center. This Court should transfer this matter to the U.S. District for the Central District of Illinois (Peoria Division) under the doctrine of *forum non conveniens*. Alternatively, this Court should sever Plaintiff's claim related to his incarceration at Pontiac Correctional Center pursuant to Federal Rule of Civil Procedure 21 and *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

**APPLICABLE LAW**

A district court may transfer venue for *forum non conveniens* pursuant to 28 U.S.C. § 1404(a). Transfer of venue is appropriate if the moving party demonstrates that "(1) venue is proper in the transferor district; (2) the transferee district is one where the action might have been brought (both venue and jurisdiction are proper); and (3) the transfer will serve the convenience of the parties and witnesses and will serve the interests of justice." *Von Holdt v. Husky Injection*

*Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995).

## ARGUMENT

I. **THIS CASE SHOULD BE TRANSFERRED PURSUANT TO *FORUM NON CONVENIENS*.**

Congress enacted the federal change of venue statute (28 U.S.C. § 1404), to "allow a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Transfer pursuant to Section 1404(a) is appropriate when venue is proper in both the transferor and transferee districts, the transfer serves the interests of justice, and the transfer is for the convenience of parties and witnesses. *Law Bulletin Publ'g Co. v. LRP Publs., Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). The Supreme Court directs that § 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to [a] . . . 'case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (*quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

In deciding the instant motion, this Court may evaluate the particular circumstances of this case and may exercise discretion to consider "all factors relevant to convenience and/or the interests of justice." *Research Automation, Inc.*, 626 F.3d at 978. The Seventh Circuit has recognized that § 1404 allows for a "flexible and individualized analysis and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Research Automation, Inc.*, 626 F.3d at 978 (*quoting Stewart,* 487 U.S. at 29).

Turning to the instant case, Pontiac Correctional Center is the facility where Plaintiff is

currently incarcerated and where Defendants are allegedly subjecting him to unconstitutional conditions of confinement. In *Galindo*, a Section 1404(a) motion to transfer venue was granted on this exact basis. *Galindo v. Gonzales*, 550 F. Supp. 2d 115, 116 (D.D.C. 2008).

In *Galindo*, a federal inmate sued defendants, alleging that they were deliberately indifferent to his serious medical needs. *Id*. Galindo attempted to bring his case in the District of Columbia, but the Court held that transfer to the District Court for the Western District of Texas was both more convenient to the parties and in the interest of justice. *Id* at 117. The Court in *Galindo* granted the motion to transfer because the plaintiff inmate was incarcerated at a federal correctional facility in the transferee district (the Western District of Texas). *Id.* Further, the Court stated that the Western District of Texas was where, according to the plaintiff inmate, the conspiracy to deprive him of medical treatment *continued* following his transfer. *Id*.

In *Ford v. Ill. Dep't of Corr*, an inmate brought a civil rights action in the Northern District of Illinois, alleging constitutional deprivations from his imprisonment at various facilities. Ford resided in a facility located in the Western Division of the Northern District and was subsequently transferred to Pontiac, located in the Central District. Thereafter, Ford was transferred to Lawrence Correctional Center, located in the Southern District, where Ford currently resided. *Ford v. Ill. Dep't of Corr.*, No. 14-cv-6242, 2014 U.S. Dist. LEXIS 167072, at *2-3 (N.D. Ill. Dec. 1, 2014).

The Court in *Ford* granted the motion to transfer venue, holding that venue was more appropriate in the Southern District of Illinois, "where Ford *currently resides* at Lawrence Correctional Center, Ford contends the deprivation of mental health services and treatment have occurred, and continue to occur, and where Ford seeks declaratory relief in the form of proper mental health treatment and medication." *Ford*, No. 14-cv-6242, 2014 U.S. Dist. LEXIS 167072,

at *3 (emphasis added).

The instant case is remarkably similar to *Ford*. Plaintiff has been incarcerated at Pontiac for more than two years and for a relatively brief period at Stateville. To this day, Plaintiff is incarcerated at Pontiac and alleges continuing deprivations. Like the courts in *Galindo* and *Ford*, this Court should grant transfer to the district where the inmate is incarcerated and where he argues harm is ongoing, as it is both convenient and serves the interests of justice. Defendants ask that the Court transfer this matter to the Central District (Peoria Division) because "the transfer will serve the convenience of parties and witnesses and will serve the interests of justice." *Von Holdt* at 188. In evaluating the convenience and fairness of transfer of venue, the Court should consider both the private interests of the parties and the public interest of the court system. *Id.*

A. **PRIVATE INTEREST FACTORS**

Private interests include: (1) Plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses; and (4) convenience to the parties, specifically, their respective residences and abilities to bear the expense of trial in a particular forum. *Id.*

i. *Choice of Forum*

The Plaintiff's choice of forum is "but one factor for the court to consider." *Id*. The *Von Holdt* Court, in addressing a motion to transfer venue in which the Plaintiff asserted that his choice of forum was to be given deference, stated "[we] disagree with the Plaintiff's argument that the controlling case law gives Plaintiff's choice of forum substantial weight." *Id*. The Court asserted that Plaintiff's choice of forum is not the only factor a court must consider. *Id.* Further, a

plaintiff's choice of forum has decreased in importance since the enactment of Section 1404(a). *Id.* Although the plaintiff's choice of forum is a consideration when a court determines whether a motion to transfer should be granted, it is not absolute and will not defeat a well-founded motion to transfer. *Law Bulletin Pub., Co. v. LRP Publications, Inc.*, 992 Supp. 1014, 1018 (N.D. Ill. 1998). Finally, courts in the Seventh Circuit agree "that the presumption of deference does not apply where the plaintiff does not reside in the chosen forum." *St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.*, No. 05 C 5484, 2006 U.S. Dist. LEXIS 39952 (N.D. Ill. June 1, 2006). *See also Qurio Holdings, Inc. v. Comcast Cable Communs., LLC*, No. 14-c-7488, 2015 U.S. Dist. LEXIS 14895, *16 (N.D. Ill. Feb. 9, 2015). Plaintiff is currently incarcerated at Pontiac Correctional Center, which is located in the Central District. Therefore, Plaintiff's choice of forum is not entitled to deference and does not carry any substantial weight.

Plaintiff's claim, as presently stated, now primarily involves the conditions of his current confinement at Pontiac Correctional Center. Accordingly, Plaintiff's choice of forum, the Northern District of Illinois, is less convenient and does not serve the interests of justice.

### ii. *Situs of Material Events*

Throughout the factual allegations of his Amended Complaint, Plaintiff describes allegedly ongoing harms that have occurred since his incarceration at Pontiac – more than two years and counting. Further, plaintiff alleges that during his current incarceration a cracked bone was discovered in his right leg but that no treatment has been provided. By contrast, there is no allegation that the cracked bone was discovered during the previous incarceration at Stateville.

It is unreasonable for the Northern District to bear the costs of this litigation simply because of a temporal, less significant, incarceration at Stateville. Plaintiff is currently incarcerated in Pontiac and has been there for more than two years. His allegations pertaining to

the conditions at Pontiac, not Stateville, form the crux of his complaint. Hence, the situs of material events is at Pontiac Correctional Center.

When a plaintiff's choice of forum has relatively weak connections with the facts that give rise to the claim, the choice of forum decreases in importance as a factor for the court to consider. *Von Holdt*, at 188. Plaintiff originally, and properly, limited his claims to events occurring within this District. Now, Plaintiff seeks to take advantage of his filing status by incorporating new claims related to his longstanding and current incarceration at Pontiac. Allowing this inclusion would unjustifiably waste this district's judicial resources when there is a far better forum in the Central District.

### iii.    *Convenience of Non-Party Witnesses*

The next of the private factors is the convenience of witnesses, which "is often viewed as 'the most important factor in the transfer analysis.'" *Preussag Int'l Steel Corp. v. Ideal Steel & Builders' Supplies, Inc.,* No. 03 C 6643, 2004 U.S. Dist. LEXIS 644, at *5 (N.D. Ill. Jan. 21, 2004) (quoting *Tingstol Co. v. Rainbow Sales, Inc.,* 18 F. Supp. 2d 930, 933 (N.D. Ill. 1998)); *First Nat'l Bank v. El Camino Res., Ltd.,* 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006). In weighing this factor, courts should "assess the location of potential witnesses, the nature of their expected testimony, and whether certain witnesses may be compelled to testify." *Eugene v. McDonald's Corp.,* No. 96 C 1469, 1996 U.S. Dist. LEXIS 10193, at *2 (N.D. Ill. July 18, 1996); *Canade v. Grumman Corp.*, No. 93 C 6628, 1994 U.S. Dist. LEXIS 3099, at *2 (N.D. Ill. Mar. 16, 1994).

In addition, "[t]he convenience of party witnesses is less relevant than the convenience of non-party witnesses, since party witnesses normally must appear voluntarily." *Gueorguiev v. Max Rave, LLC,* 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007). "As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily." *Am. Family Ins.*

*v. Wal-Mart Stores, Inc.,* No. 02 C 8017, 2003 U.S. Dist. LEXIS 6412, at *2 (N.D. Ill. Apr. 17, 2003); *see Childress v. Ford Motor Co.,* 03 C 3656, 2003 U.S. Dist. LEXIS 22757, at *4 (N.D. Ill. Dec. 17, 2003) (explaining that "it is reasonable to conclude that [a family member] is more likely to attend trial than the non-party . . . witnesses who are neither blood relatives of Plaintiffs or employees of Defendant"). Additionally, "the convenience of expert witnesses is irrelevant in determining the propriety of transfer . . . since it may be presumed that witnesses who are paid to testify will appear at trial irrespective of the location of the forum." *Newton v. Thomason*, No. 91 C 6322, 1991 U.S. Dist. LEXIS 18381, at *2 (N.D. Ill. Dec. 30, 1991) (quoting *Bodine's, Inc. v. Sunny-O, Inc.*, 494 F. Supp. 1279, 1286 (N.D. Ill. 1980)). For these reasons, "[m]ore weight is afforded non-party witnesses." *First Nat'l Bank,* 447 F. Supp. 2d at 913.

In the case at bar, the non-party witnesses that possess the majority of relevant information, as it pertains to liability, work and reside in the Central District. Plaintiff has been incarcerated at Pontiac Correctional Center since April 5, 2014. Among these witnesses, the most significant appear to be the radiologist who allegedly identified the cracked bone on x-ray. It is on the basis of this radiologist's interpretation that Plaintiff contends the Pontiac defendants were deliberately indifferent to his medical needs. There is no allegation that any physician located within the Northern District of Illinois identified a crack or fracture on x-ray.

According to Plaintiff's own allegations, the majority of the time period relevant to his claim concerns treatment at Pontiac and the most significant medical events occurred in the Central District. Most of the relevant witnesses work, and presumably reside, in the Central District. Thus, witnesses working and residing in the Central District possess the majority of relevant information because they were—and are—in direct contact with Plaintiff throughout all of the treatment and alleged deprivations occurring at Pontiac, the facility where Plaintiff spent

the majority of his time and where he resides today. Based on the foregoing, the location of non-party witnesses unequivocally favors transfer to the Central District.

*iv.* ***Convenience to the Parties***

Finally, the majority of the parties affected by this matter are located outside the Northern District, with the primary connection being to the Central District. Plaintiff currently resides at Pontiac, located within the Central District. Further, Plaintiff has named as defendants Guy Pierce, Director of Nursing Meghan Foley, Nurse Krisi Eschleman, CMT Becky Buczkowski, Pontiac HCUA Mary Ellen Grennan, and Kim Kelley, all of whom are related to his incarceration at Pontiac. The remaining defendants are named in connection with their employment at Stateville.

In examining the defendants' motion to transfer venue from the Northern District in *Ford*, the Court reasoned that a defendant is considered to reside wherever he performs his duties as an official. *Id.* at *3. *See also Johnson-Ester v. Schwarzenegger*, No. 09 C 5384, 2010 U.S. Dist. LEXIS 29660, at *3.

The Court in *Ford* granted the motion to transfer venue, holding that venue was proper in the Southern District of Illinois, "where Ford *currently resides* at Lawrence Correctional Center, Ford contends the deprivation of mental health services and treatment have occurred, and *continue to occur*, and where Ford seeks *declaratory relief.*" *Ford*, No. 14-cv-6242, 2014 U.S. Dist. LEXIS 167072, at *3 (emphasis added). The instant case is remarkably similar to *Ford*. Plaintiff has been incarcerated at Pontiac, and for a shorter period at Stateville. To this day, Plaintiff is incarcerated at Pontiac and alleges continuing deprivations. Further, like the inmate in *Ford*, Plaintiff requests injunctive relief.

This Court should follow the reasoning of the Court in *Ford*, and hold that venue for the

Defendants is proper where they perform their duties as officials. Guy Pierce, Director of Nursing Meghan Foley, Nurse Krisi Eschleman, CMT Becky Buczkowski, Pontiac HCUA Mary Ellen Grennan, and Kim Kelley perform their duties at Pontiac and, thus, should be considered residents of the Central District. Like the court in *Ford*, this Court should hold that venue is proper where Plaintiff currently resides, where Plaintiff alleges ongoing deprivations, and where many of the defendants reside: in the Central District of Illinois.

### iv.    *Access to Sources of Proof*

Records regarding the Plaintiff's incarceration at Pontiac Correctional Center are kept at Pontiac in the Central District or at the IDOC's principal place of business in Springfield, Illinois, Sangamon County. Records relative to incarceration and treatment form the majority of evidence relevant to the instant case. This element weighs in favor of transferring this matter.

### B.    PUBLIC INTEREST FACTORS

The other factors clearly indicate Plaintiff's claims do not belong in the Northern District. The public interest prong as set forth by the Seventh Circuit strongly favors the Central District. This prong considers: "(1) the existence of related litigation pending in another district; (2) the district where the litigants are most likely to receive a speedy trial; (3) the district most familiar with applicable law; (4) the district which could best apply community standards; (5) a district where consolidation is feasible; and (6) the local interest in having localized controversies decided at home." *See Coffey v. Van Dan Ironworks*, 796 F.2d 217, 221 (7th Cir. 1986).

### i.    *Existence of Related Litigation Pending in Another District*

The Defendants are unaware of the existence of related litigation. But to the extent that there is relevant litigation relating to prisoner medical care at Pontiac Correctional Center, these cases would be filed where Pontiac is located, in the Central District (Peoria Division). Thus, this

element weighs in favor of transferring this matter to the Central District.

## ii. Speedy Case Resolution

For purposes of evaluating the speed at which this case will proceed to trial, this Court should look to the reports from the Federal Court Management Statistics. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 962 (N.D. Ill. 2000). The two most relevant statistics are (1) the median months from filing to disposition and (2) the median months from filing to trial. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1169 (N.D. Ill. 1995).

Here, there is only a negligible difference in the speed of filing to final disposition and trial between the Central District and the Northern District.[1] Accordingly, based on the Central District's exclusive ties to this controversy and strong interest in resolving this matter, the interest of justice in this case weighs strongly in favor of transfer to the Central District. *Research Automation, Inc.*, 626 F.3d at 978.

## iii. Familiarity with Applicable Law

Both the Northern and Central Districts are familiar with the applicable law, though the Central District may be more familiar with Pontiac Correctional Center and its policies and procedures because it is situated in the Southern District. Lawsuits arising out of Pontiac Correctional Center would generally be filed in the Central District where Pontiac is located. Similarly, both the Northern and Central Districts would be able to apply community standards, though the community in the Central District would be more familiar with Pontiac Correctional Center itself.

---

[1] According to the Federal Court Management Statistics, in the twelve month period ending March 31, 2016, the median time period from filing to trial in the Central District was 36.1 months, as compared to 38.6 months in the Northern District. Furthermore, the median time period from filing to final disposition in the Central District was 11.0 months, as compared to 7.3 in the Northern District.

### iv. *A District Where Consolidation Is Feasible*

To the extent this matter can be consolidated with any other matter arising out of Pontiac Correctional Center, it should be transferred to the Central District where most, if not all, of the cases involving Pontiac would be filed.

### v. *Relationship of Communities to Litigation and Desirability of Resolving Case in Each Locale.*

"Resolving litigated controversies in their locale is a desirable goal of federal courts." *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 914 (N.D. Ill. 2006). The interest of justice can be *determinative*, requiring transfer even in cases where the convenience of the parties and witnesses suggests the opposite result. *Research Automation, Inc.*, 626 F.3d at 978. The most compelling factor for this analysis is the community's interests. *Amoco Oil Co.*, 90 F. Supp. 2d at 962. In this case, both the community's interest and convenience heavily weigh in favor of transfer to the Central District of Illinois.

The public interest in having localized disputes decided locally determines that the Central District, where Pontiac Correctional Center is located and where the majority of Plaintiff's allegations can be currently addressed, should determine this matter.

In his complaint, Plaintiff's allegation of continuing harm relates only to Pontiac, where Plaintiff is incarcerated. It would be a waste of judicial resources and, further, would defy logic, to ask the Court in the Northern District to consider conditions of confinement arising exclusively out of actions in another district.

All the private and public factors that are relevant in this matter weigh in favor of transferring this lawsuit to the Central District. To this end, the convenience to all of the defendants and non-party witnesses, as well as the interests of justice, weigh significantly in favor of transfer. Therefore, the Defendants ask that this matter be transferred to the Central

District (Peoria Division).

## II. ALTERNATIVELY, THE PONTIAC CLAIMS SHOULD BE SEVERED PURSUANT TO RULE 21.

Rule 21 provides in pertinent part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "Unrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In *George*, the Seventh Circuit held that a prisoner's multi-claim, multi-defendant single suit should instead be brought in separate actions. *See also Harris v. Dart*, No. 10-c-6666, 2010 U.S. Dist. LEXIS 132161, *2 (N.D. Ill. Dec. 14, 2010) (dismissing plaintiff's complaint pursuant to *George* and directing that he "choose a single, core claim to pursue under this case number"); *Malik v. Rankin*, No. 15-cv-00084-SMY, 2015 U.S. Dist. LEXIS 15245 (S.D. Ill. Feb. 9, 2015) (transferring claims by inmate relating to medical care at East Moline Correctional Center and Jacksonville Correctional to the Central District of Illinois while retaining claims relating to treatment of the same chronic, evolving conditions at prisons in the Southern District of Illinois).

Here, Plaintiff has named numerous healthcare providers and correctional officials in two separate governmental entities at two different institutions in two federal judicial districts. The claims against Guy Pierce, Director of Nursing Meghan Foley, Nurse Krisi Eschleman, CMT Becky Buczkowski, Pontiac HCUA Mary Ellen Grennan, and Kim Kelley relating to care at Pontiac Correctional Center are separate and distinct from Plaintiff's allegations regarding his alleged injuries and medical treatment while at Stateville Correctional Center. There is no compelling reason to permit Plaintiff to litigate his claim relating to the conditions of his confinement within the Central District here in the Northern District, to require the Pontiac defendants to transport Plaintiff to court in Chicago, and to require the Pontiac defendants to

travel hundreds of miles to defend themselves in the Northern District. On the contrary, the Central District has the greater interest in the outcome of that claim because that is where Plaintiff is incarcerated, where the alleged mistreatment is ongoing, and where the requested mandatory injunctive relief would be applicable.

For all the above reasons, Plaintiff's claims for relief predicated upon his incarceration at Pontiac Correctional Center should be severed from this action and/or transferred to the Central District.

WHEREFORE, Defendants respectfully request that this honorable Court grant their *forum non conveniens* motion to transfer venue and transfer this case to the Central District of Illinois (Peoria Division) or, alternatively, that claims predicated upon conditions at Pontiac Correctional Center be severed pursuant to Federal Rule of Civil Procedure 21 and *George v. Smith*.

Respectfully submitted,

| | |
|---|---|
| ROYCE BROWN-REED, TARRY WILLIAMS, JENNY MCGARVEY, TRALON DURETT, MICHAEL MAGANA, DOMINIC M. GRIFFIN, DORETTA O'BRIEN, VICTOR CALLOWAY, MICHAEL LEMKE, RANDY MALKOWSKI, NAVEEN NAGPAL, KRISI ESCHLEMAN, REBECCA BUCZOWSKI, MARY ELLEN GRENNAN, KIMBERLY KELLY, AND GUY PIERCE, | WEXFORD HEALTH SOURCES, INC., LATANYA WILLIAMS, P.A, SALEH OBAISI, M.D., CYNTHIA GARCIA, R.N., and MEGHAN FOLEY, |
| By: /s/ Jennifer M. Lutzke<br>Jennifer M. Lutzke<br>Assistant Attorney General<br>General Law Bureau<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, Illinois 60601<br>(312) 814-3739 | By: /s/ Joel M. Koppenhoefer<br>Joel M. Koppenhoefer<br>Cunningham, Meyer & Vedrine, P.C.<br>1 E. Wacker Drive, Suite 200<br>Chicago, IL 60601<br>(312) 578-0049 |