IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERENCE TAYLOR, | |
|     Plaintiff, | |
|     v. | Case No. 15 CV 5190 |
| WEXFORD HEALTH SOURCES, INC., et al., | Hon. Judge Sarah J. Ellis |
|     Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE OR, ALTERNATIVELY, RULE 21 MOTION TO SEVER PURSUANT TO *GEORGE V. SMITH***

NOW COME the Defendants, MEGHAN FOLEY, CYNTHIA GARCIA, R.N., SALEH OBAISI, M.D., LATANYA WILLIAMS, P.A., and WEXFORD HEALTH SOURCES, INC., by and through their undersigned counsel, hereby submit the following reply in support of their motion to transfer this matter to the U.S. District Court for the Central District of Illinois (Peoria division), pursuant to 28 U.S.C. § 1404(a) or, alternatively, to sever Plaintiff's newly-added claims pursuant to Federal Rule of Civil Procedure 21 and George v. Smith, 507 F.3d 605 (7th Cir. 2007).

1. **The federal change of venue statute is distinguishable from the common-law doctrine of *forum non conveniens*.**

In his response, Plaintiff specifically argues that venue is proper in the Northern District of Illinois. [Doc. 115, at 1, 3]. The argument is curious, however, because Defendants have never contested the point.[1] In fact, the federal change of venue statute requires that venue be

---

[1] It is possible the confusion was created by Defendants' reference to the common law doctrine of *forum non conveniens* in their underlying motion. As the Seventh Circuit made clear in the In re Daniel Hudson matter, the federal change of venue statute is distinct from the common law doctrine of *forum non conveniens*. 710 F.3d 716,

appropriate in the Northern District before this Court can even consider a transfer of this matter to the Central District. As set forth in the federal change of venue statute, "[f]or the convenience of parties and witnesses, in the interest of justice, <u>a district court may transfer any civil action to any other district or division where it might have been brought</u> or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a) (emphasis added). On its face, the statute requires venue to be proper in both the transferor and transferee districts before any change of venue can occur. Based upon Plaintiff's response, the parties are in agreement that venue would be proper in both the Northern and Central Districts of Illinois. The only remaining question is whether the convenience of the parties and witnesses and the interest of justice would be served by a transfer of venue to the Central District.

**2. Attorney inconvenience does not factor into a change of venue analysis.**

In his response, Plaintiff argues that the convenience of the parties disfavors transfer to the Central District, because it would "represent a significant hardship for Plaintiff's appointed counsel, who is faced with travel to Peoria versus the Chicago courthouse." [Doc. 115, at 5–6]. Plaintiff mistakenly conflates convenience of counsel with convenience of the parties. On the contrary, the Seventh Circuit has stated in no uncertain terms that convenience of counsel does not factor into a change of venue analysis. <u>Chicago, R.I. & P.R. Co. v. Igoe</u>, 220 F.2d 299, 304 (7th Cir. 1955) ("[N]or does § 1404(a) provide that the convenience of counsel is a factor to be considered."). On numerous occasions, the argument has been considered—and summarily rejected—by courts within the Northern District of Illinois. <u>See, e.g.,</u> <u>Luera v. Godinez</u>, No. 13-cv-02041, 2015 U.S. Dist. LEXIS 41351, at *12–13 (N.D. Ill. Mar. 30, 2015) (citing <u>Body Sci.</u>

---

718 (7th Cir. 2013). While *forum non conveniens* is utilized in challenging a chosen forum as "completely inappropriate and inconvenient," the federal change of venue statute is merely used to identify the federal district court of "superior convenience" in litigating a case. <u>Id.</u> To be clear, Defendants are seeking transfer of this matter to the Central District of Illinois, pursuant to the federal change of venue statute. 28 U.S.C. § 1404.

LLC v. Boston Scientific Corp., 846 F. Supp. 2d 980, 993 (N.D. Ill. 2012) ("It is well-settled, however, that consideration of the convenience of Plaintiff's counsel is not an appropriate factor to consider when evaluating transfer.")) (citing Von Holdt v. Husky Injection Molding Sys., Ltd., 887 F. Supp. 185, 190 (N.D. Ill. 1995) ("[T]he convenience to a plaintiff's counsel is not a proper consideration.")) (citing Boyd v. Snyder, 44 F. Supp. 2d 966, 972 (N.D. Ill. 1999) (matter transferred to Southern District despite burden to plaintiff's counsel, because both parties would have to travel and travel was already necessary to the case)). The case law is clear on this issue: attorney inconvenience does not hold any weight in a change of venue analysis. Accordingly, the Court should disregard Plaintiff's argument that this matter should remain in the Northern District due to potential inconvenience to his appointed counsel.

3. **Plaintiff and the bulk of defendants and potential witnesses reside within the Central District of Illinois.**

As a party to this case, Plaintiff concedes he is currently incarcerated at Pontiac Correctional Center, which is located in the Central District of Illinois. [Doc. 115, at 2]. Plaintiff also concedes that the newly-named defendants work, and presumably reside, in the Central District of Illinois. [Doc. 115, at 5]. In his Second Amended Complaint, Plaintiff also names "unknown healthcare employees" and "unknown Wexford Health Sources, Inc., employees" as defendants. [Doc. 94, at 2, 8]. These Doe defendants are presumably named in connection with the medical care Plaintiff has received at Stateville Correctional Center and Pontiac Correctional Center. This category of Doe defendants potentially includes all medical professionals that interacted with Plaintiff during the period of time he was incarcerated at Stateville Correctional Center (June 2013–April 2014), but it also potentially includes all medical professionals he has interacted with at Pontiac Correctional Center since April 2014, all medical professionals he is currently interacting with at Pontiac, and all future medical professionals he will interact with at

Pontiac during the pendency of this litigation. Stated differently, whereas the category of Doe defendants based out of Stateville is restricted to a particular time period of approximately 10 months, the category of Doe defendants based out of Pontiac arises out of a period of 28 months, and it is ever expanding. Furthermore, any number of medical professionals at Pontiac—who remain unnamed as defendants in this suit—can potentially be identified as non-party witnesses to defend against Plaintiff's claims of constitutionally-inadequate medical care at Pontiac. Accordingly, convenience of the parties and witnesses favors transfer.

4. **The bulk of Plaintiff's alleged constitutional deprivations occurred, and are continuing to occur, within the Central District of Illinois.**

As discussed in the preceding subsection, Plaintiff's allegations of constitutionally-inadequate medical care are based overwhelmingly on conduct which occurred in the Central District of Illinois. Whereas the alleged misconduct at Stateville Correctional Center took place over a period of approximately 10 months, the alleged misconduct at Pontiac has occurred over a period of 28 months and counting. During the course of this litigation, the ratio will only become increasingly lopsided. While it is true that Plaintiff also alleges a failure to protect claim against correctional staff at Stateville, the claim is ancillary to the central question of the lawsuit: is Plaintiff receiving adequate medical care under the Eighth Amendment to the United States Constitution. Stated differently, the failure to protect claim is a relatively minor component of Plaintiff's allegations when compared with Plaintiff's claim that he has been deprived of adequate medical care since June 2013. Regardless of how Plaintiff was injured, and whether any liability might attach to a particular correctional officer, Plaintiff is entitled to constitutionally-adequate medical care. An alleged constitutional deprivation stretching 28 months and counting is the core of this lawsuit—an alleged constitutional deprivation that is ongoing in the Central District of Illinois. Accordingly, this factor also favors transfer.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this honorable Court grant their motion to transfer this matter to the U.S. District Court for the Central District of Illinois (Peoria division), pursuant to 28 U.S.C. § 1404(a) or, alternatively, to sever Plaintiff's newly-added claims pursuant to Federal Rule of Civil Procedure 21 and <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007).

        Respectfully submitted,

        CUNNINGHAM, MEYER & VEDRINE, P.C.

By: s/Terry S. Lu
    One of the attorneys for Meghan Foley, Cynthia Garcia, R.N., Saleh Obaisi, M.D., LaTanya Williams, P.A., and Wexford Health Sources, Inc.

Michael R. Slovis
Joel M. Koppenhoefer
Terry S. Lu
CUNNINGHAM, MEYER & VEDRINE, P.C.
One East Wacker Drive, Suite 2200
Chicago, Illinois 60601
Tel: (312) 578-0049