IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TERENCE TAYLOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RANDY MALKOWSKI, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) | Case No. 15-CV-5190 <br><br> Judge Ellis <br><br><br> JURY TRIAL DEMANDED |

## STATUS REPORT

Now comes Plaintiff Terence Taylor, by and through his counsel Loevy & Loevy, and Defendants Nagpal, McGarvey, Durrett, Malkowski, and Griffin, by and through their counsel Helen A. Lozano, and hereby provide the following status report to the Court:

1. On October 25, 2019, the United States District Court for the Central District of Illinois transferred this case back to the Northern District of Illinois, where the case originated, following an unopposed motion by Plaintiff for such a transfer.

2. At the time of the transfer, the case had proceeded through summary judgment and was set for a trial on April 6, 2020. (Sept. 17, 2019 Minute Entry.)

3. The Central District of Illinois had allowed to proceed to trial Terence Taylor's claims against certain Individual Defendants who were employed at Stateville Correctional Center on June 25, 2013, specifically claims that:

1) Defendant CMT Nagpal denied medical care for Plaintiff's complaints of knee pain from June 25, 2013 to July 17, 2013.

2) Stateville Correctional Center Officers McGarvey, Durrett, Malkowski, and Griffin failed to protect Plaintiff from an inmate assault on June 25, 2013.

3) Stateville Correctional Center Officers McGarvey, Durrett, Malkowski, and Griffin failed to intervene to stop an unspecified assault by an officer or officers.

4) Officers McGarvey, Durrett, Malkowski, and Griffin intentionally inflicted emotional distress.

5) An indemnification claim.

(Dckt. No. 185 at 17.)

4. Following the grant of summary judgment, the Court in the Central District ordered some settlement discussions between the parties. Those discussions were unsuccessful, and the Court determined it would not hold a scheduled settlement conference because at that time it viewed a settlement conference as unlikely to yield results. (August 29, 2019 Text Order.) This matter was then transferred to this Court.

5. New counsel has appeared for the Individual Defendants, and that counsel has requested from Plaintiff's counsel certain information to ensure counsel's file is complete as to the events of discovery. Plaintiff's counsel will work with counsel to ensure they have the relevant records from discovery. Plaintiff's counsel believes 2-3 weeks may be needed to confer about these issues.

6. The parties believe this case is ready to set for a pretrial conference and trial.

7. It is Plaintiff's desire for this Court to hold a settlement conference, both because Plaintiff believes this matter can be settled, and because Plaintiff's counsel believes it would be useful for Plaintiff to have an opportunity to hear from the Court about the potential settlement of Plaintiff's claims. The Defendants do not believe a settlement conference would be useful and do not seek such a conference.

                                                                  Respectfully Submitted,

| | |
|---|---|
| /s/ Tara Thompson | s/ *Helen A. Lozano* |
| Counsel for Petitioner | Counsel for Defendants |
| | |
| Tara Thompson | HELEN A. LOZANO |
| Loevy & Loevy | Assistant Attorney General |
| 312 N. May Street | Office of the Attorney General |
| Suite 100 | 100 W. Randolph Street, 13th Floor |
| Chicago, Illinois 60607 | Chicago, Illinois 60601 |
| (312) 243-5900 | (312) 814-6594 |

## CERTIFICATE OF SERVICE

I, Tara Thompson, an attorney, caused to be filed upon all parties of record via the Court's CM/ECF system on November 17, 2019, a copy of the foregoing Status Report.

                                                                              /s/ Tara Thompson